OPINION
Defendant-appellant, Jason J. Velez, appeals from a judgment of the Franklin County Court of Common Pleas whereby appellant was convicted of having a weapon while under disability, pursuant to a jury trial.
The evidence introduced at trial established the following general factual background. During the early morning hours of June 13, 1998, Melvin Tyra approached appellant's brother, Gabriel Velez, while Gabriel was at his vehicle parked on the street near 38 South Wheatland. Tyra began kicking Gabriel and asking him for crack cocaine. Appellant approached the individuals on the street and, subsequently, Tyra hit appellant. Afterwards, appellant left to get a gun at the house he shared with Gabriel at 28 South Wheatland. Meanwhile, Tyra continued to chase Gabriel around Gabriel's vehicle. Tyra struck the back window of Gabriel's vehicle, causing the glass from the window to shatter. Tyra proceeded to get into his own vehicle and drive down the street toward Gabriel. While Tyra was approaching his car, appellant reappeared from the Velez residence and fired the gun at Tyra's vehicle. Appellant alleges that he shot at the vehicle because he thought that Tyra was going to run over his brother with the vehicle. After the vehicle was shot upon, it crashed into a house.
Appellant was charged with one count of aggravated murder in the death of Tyra and one count of having a weapon while under disability. Subsequently, a jury found appellant not guilty of aggravated murder and not guilty of murder or the lesser included offense of voluntary manslaughter. However, the jury did find appellant guilty of the charge of having a weapon while under disability. The trial court sentenced appellant to eleven months imprisonment and ordered that the sentence be served consecutively with a sentence imposed in another case.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO INSTRUCT THE JURY REGARDING THE SELF-DEFENSE EXCEPTION TO THE CHARGE OF HAVING A WEAPON UNDER DISABILITY.
In his assignment of error, appellant asserts that the trial court erred in failing to give the jury an instruction on the privilege of coming to the defense of another as to the charge of having a weapon while under disability. We disagree.
Appellant did not request that the trial court give such an instruction as to the charge of having a weapon while under disability. Generally, a party waives any objections on the improprieties of jury instructions on possible defenses if the party fails to raise the objections before the jury retires to consider its verdict. Crim.R. 30(A); State v. Williford (1990),49 Ohio St.3d 247, 251. However, plain errors or defects affecting substantial rights may be noticed, although they were not brought to the attention of the trial court. Crim.R. 52(B). We cannot find plain error unless we find that, but for the error, the outcome of the trial would clearly have been different. Statev. Moreland (1990), 50 Ohio St.3d 58, 62, citing State v. Long
(1978), 53 Ohio St.2d 91, paragraph two of the syllabus; see, also, State v. Hill (1995), 73 Ohio St.3d 433, 438.
As noted by appellant, there is no authority in Ohio recognizing that a person charged with carrying a weapon while under disability may utilize the privilege of coming to the defense of another. State v. Fryer (1993), 90 Ohio App.3d 37, 45. Nevertheless, the record does not establish that appellant would be able to avail himself of the defense of another if it were extended to charges of having a weapon while under disability. We have previously recognized that a defendant is entitled to an instruction on the privilege of coming to the defense of another if:
 (1) [T]he defendant had reasonable grounds to believe and an honest belief that the person defended was in imminent danger of death or great bodily harm and that his only means of escape from such danger was by the use of deadly force; and
 (2) [T]he person defended was not at fault in creating the situation giving rise to the death of the victim; and
 (3) [T]he person defended did not violate any duty to retreat to avoid the danger. [State v. Harris (1998), 129 Ohio App.3d 527, 538.]
Here, the record establishes that appellant's brother failed to take advantage of repeated opportunities to flee the area and avoid whatever danger Tyra posed. Gabriel did not run down the street to flee from Tyra even though Gabriel testified that there was nothing preventing him from being able to avoid danger in such a way. As well, Gabriel did not run for safety towards his house or his friend's house. These houses were located on the street where the altercation was taking place and the record indicates that nothing prevented Gabriel from retreating to either of the houses to avoid the danger posed by Tyra; rather, the record demonstrates that Gabriel remained on the scene and, at one point, approached Tyra's vehicle when Tyra got into the vehicle to start driving toward Gabriel.
Based on the above, we conclude that Gabriel violated a duty to retreat and that appellant failed to establish the necessary elements for utilizing the privilege of coming to the defense of another. As such, we do not reach the question of whether the defense is available in a charge of having a weapon while under disability. Therefore, we conclude that the trial court did not commit plain error in failing to give the jury instruction on the privilege of coming to the defense of another as to the having a weapon while under disability charge.
Appellant's single assignment of error is overruled, and the judgment of the trial court is affirmed.
 ________________ KENNEDY, J.
DESHLER and LAZARUS, JJ., concur.